UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NIAMBI HEYWARD,
    *Plaintiff*,

v.

VERNON LEFTRIDGE, JR.,
    *Defendant*.

No. 3:22-cv-582 (JAM)

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED**

Vernon Leftridge has removed this child-support lawsuit from the Connecticut Superior Court. But because it appears that the Court lacks jurisdiction over the case, the Court shall require Leftridge to file a response by **May 25, 2022** explaining why the case should not be forthwith remanded.

**BACKGROUND**

Niambi Heyward, the mother of Leftridge's child, sued Leftridge for child support. According to Leftridge's filings, a Connecticut family court awarded her child support in 2019.[1] But claiming that Heyward had made false statements to the court, Leftridge filed an appeal from an order of the family support magistrate to the Connecticut Superior Court.[2] Then, on April 22, 2022, he filed a notice and amended notice of removal of this case from the state court to this Court.[3]

**DISCUSSION**

A defendant who has been sued in a state court may remove the case to federal court if a federal court would otherwise have jurisdiction over the complaint. *See* 28 U.S.C. § 1441. Leftridge's notice of removal, however, does not identify proper grounds for federal subject

---

[1] Doc. #6-2 at 33–34.
[2] *Id.* at 31–39.
[3] Docs. #5, #6.

1

matter jurisdiction. Although he asserts that the Court has federal question and diversity jurisdiction, it does not appear to have either.

First, it appears that the Court lacks federal question jurisdiction because this case does not arise under a federal law. *See* 28 U.S.C. § 1331. According to Leftridge, Heyward sued him under the Uniform Interstate Family Support Act.[4] But that "Act is not a federal statute. Instead, it is a model statute … adopted by the legislatures of all fifty states." *Robinson v. Pabon*, 2002 WL 32136677 at *1 n.1 (D. Conn. 2002).[5] True, Leftridge names many other federal laws that he believes are relevant to his defense of this case.[6] But "[w]hether federal courts have federal question jurisdiction over an action is typically governed by the well-pleaded complaint rule, pursuant to which federal question jurisdiction exists only if plaintiff's statement of [her] own cause of action shows that it is based on federal law." *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010). The plaintiff in the state court action is Heyward, and because Leftridge has not shown that Heyward's state court lawsuit relied on any of the federal laws he names—in fact, he does not attach her complaint as required under 28 U.S.C. § 1446(a)—he has failed to show that the Court has federal question jurisdiction.

Nor has Leftridge shown that the Court has diversity jurisdiction. Federal courts normally have jurisdiction over lawsuits between citizens of different states when the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332. But Leftridge's papers reflect that both he and Heyward are citizens of Maryland.[7] Moreover, federal courts do not have diversity

---

[4] Doc. #6-2 at 34.
[5] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[6] Doc. #6 at 1–2.
[7] Doc. #6-2 at 2, 5–6, 19–24, 30.

jurisdiction over domestic relations matters like "determin[ing] support payments." *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019).

Finally, even if the Court had jurisdiction over this case, it appears that the removal is untimely. A defendant must file a "notice of removal of a civil action … within 30 days" of his receiving "a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). But because the state court action appears to have been pending since 2019, it does not appear that the notice of appeal that was filed in 2022 is timely.

## CONCLUSION

It appears that this case should be remanded to the Connecticut Superior Court. But if Leftridge has cause to show why the case should not be remanded, he may file a response to this order to show cause by **May 25, 2022**. Failure to file an adequate or timely response to this order to show cause will likely result in an immediate order of remand.

It is so ordered.

Dated at New Haven this 18th day of May 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge